IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRADLEY M. HIXON,

    Plaintiff,                          No. CIV S-06-2030 MCE CMK P

  vs.

MSCP ADMINISTRATION OFFICE, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed November 2, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        Plaintiff's amended complaint names W. Knipp, C/O Sanchez, C/O Baker, and C/O Plippello as defendants. He alleges that defendants engaged in a pattern of verbal harassment calculated to cause plaintiff psychological damaged in violation of the Eighth Amendment. The amended complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).[1] If the allegations of the amended complaint are proven,

---

[1] The court notes that, in his amended complaint, plaintiff notes that he has not presented the claims in his complaint to the highest level of grievance review. However, the court cannot screen for exhaustion.

plaintiff has a reasonable opportunity to prevail on the merits of this action.  The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs.  Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order.  Plaintiff is warned that failure to comply with this order may result in dismissal of the action.  See Local Rule 11-110.

Finally, plaintiff states in his amended complaint that he wishes to be appointed counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not at this time find the required exceptional circumstances.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: W. Knipp, J.L. Baker, C/O Sanchez, and C/O Plippello.

2. The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed November 9, 2006.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. Five  copies of the endorsed amended complaint filed November 9, 2006.

4. Plaintiff need not attempt service on defendants and need not request waiver of

service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

        5. Plaintiff's request for the appointment of counsel is denied.

DATED: December 12, 2006.

                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff, | No. CIV |
| vs. |  |
|  | NOTICE OF SUBMISSION |
| Defendants. | OF DOCUMENTS |
| _____ / |  |

Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    _____ completed summons form

    _____ completed USM-285 forms

    _____ copies of the _____
                                   Amended Complaint

DATED:

                                     _____
                                     Plaintiff