**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

BRADLEY M. HIXON,

Plaintiff,

vs.

MCSP ADMINISTRATION OFFICE, et al.,

Defendants.

_______________________________/

No. CIV S-06-2030-MCE-CMK-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss (Doc. 20), filed April 9, 2007. Defendants argue that plaintiff failed to exhaust available administrative remedies. Plaintiff has filed an opposition.

## I. BACKGROUND

Plaintiff filed his civil rights complaint on September 12, 2006 and an amended complaint on November 9, 2006. On December 12, 2006 this court issued an order stating that service was appropriate for defendants Knipp, Baker, Sanchez, and Filippello.[1] Defendants

[1] The court recognizes it had defendant Filippello's name spelled incorrectly on the docket. This has been corrected to reflect the correct spelling.

appeared by filing this motion to dismiss based on a failure to exhaust administrative remedies. Plaintiff has filed two inmate grievances: one on August 17, 2006 and one on September 11, 2006. The first grievance was partially granted on December 12, 2006, at the second level and referred to the Office of Internal Affairs. The second was denied at the first level on October 25, 2006.

In plaintiff's complaint he alleges that defendants engaged in a pattern of verbal and sexual harassment calculated to cause plaintiff psychological damage in violation of the Eighth Amendment. Specifically, plaintiff alleges that defendant Baker was harassing him due to his homosexuality, "spreading discriminating bias comments" and "has caused harassment and taunts by my peers" by his derogatory statements. Plaintiff alleges defendant Sanchez verbally harassed him and told "other inmates to 'get their money' [meaning] other[s] to come have sex with me with is strictly prohibited in CDC prisons and that was a violation to cause sexual harm against me." In addition, plaintiff claims defendant Sanchez placed "hateful materials (signs) on my door" which caused other inmates to taunt plaintiff. Plaintiff next alleges defendant Filippello also verbally harassed him "calling me a 'faggot & queer'" and at least attempting to get another inmate to physically assault him. Finally, petitioner alleges defendant Knipp was "deliberately indifferent" when informed of the harassment he was receiving from the other correctional officers. He states "Capt. Knipp has let his officers put my life at a great risk of sexual harm assaults and threats and he continued to let his officers harass and taunt me until I was placed in MCSP Ad-Seg."

## II. STANDARD FOR MOTION TO DISMISS

A motion to dismiss for lack of exhaustion of administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b). See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleading and decide disputed issues of fact." Id. at 1119-20. If the court concludes that administrative remedies have not been

exhausted, the unexhausted claim should be dismissed without prejudice. See id. at 1120.

## III. DISCUSSION

Defendants argue in their motion to dismiss, that this action should be dismissed because plaintiff failed to exhausted all administrative remedies.

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 127 S.Ct. 910 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted. The Supreme Court also held in Woodford v. Ngo, 126 S.Ct. 2378, 2385-88 (2006), that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules and that partial compliance is not enough.

A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of Regulations. In California, inmates "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). These regulations require the prisoner to proceed through several

levels of appeal: (1) informal resolution; (2) formal appeal; (3) second level appeal to institution head; (4) third level appeal to the director of the California Department of Corrections and Rehabilitation. A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy. See Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). Departmental appeals coordinators may summarily deny a prisoner's untimely administrative appeal. See Cal. Code Regs. tit. 15, §§ 3084.3(c)(6) and 3084.6(c). If a group of inmates intend to appeal the same decision or action, one grievance form is used and a list of the participating inmates must be attached. The list must be legible and state the inmates' names, departmental identification numbers, and housing assignment. The form must also be signed by all participating inmates. Currently, California regulations do not contain any provision specifying who must be named in the grievance.

In certain circumstances, the regulations make it impossible for the inmate to pursue a grievance through the entire grievance process. See Brown v. Valoff, 422 F.3d 926, 939 n. 11 (9th Cir. 2005). Where a claim contained in an inmate's grievance is characterized by prison officials as a "staff complaint" and processed through a separate confidential process, prison officials lose any authority to act on the subject of the grievance. See id. at 937 (citing Booth, 532 U.S. at 736 n. 4). Thus, the claim is exhausted when it is characterized as a "staff complaint." See id. at 940. If there are separate claims in the same grievance for which further administrative review could provide relief, prison regulations require that the prisoner be notified that such claims must be appealed separately. See id. at 939. The court may presume that the absence of such a notice indicates that the grievance did not present any claims which could be appealed separate from the confidential "staff complaint" process. See id.

Here, plaintiff filed two inmate grievances. On August 17, 2006, plaintiff filed a his first inmate grievance, Log. No. MCSP A-06-02664. As defendants acknowledge, in this grievance, plaintiff alleges he was being sexually and verbally harassed by correctional staff assigned to Facility A at Mule Creek State Prison. This grievance was partially granted at the

second level of review and was referred to the Office of Internal Affairs. Plaintiff was not advised that any appeal of this decision was possible.

Plaintiff filed his second grievance, Log No. MCSP C-06-02085, on September 11, 2006, wherein he alleges he was sexually and verbally harassed by correctional officers, specifically Officer T. Shirley and others, assigned to Yard A at Mule Creek State Prison. This grievance was denied at the first level response. The prison indicated the allegations were unverifiable speculation that could not be proved or disproved, and were found to be unsubstantiated. Plaintiff was advised he could appeal this decision, which he apparently did not do.

Defendants argue neither of these inmate grievances exhausted plaintiff's administrative remedies. First, defendants argue the actions complained of in plaintiff's inmate grievances do not constitute the same actions alleged in his complaint. Second, defendants argue the individuals identified in plaintiff's inmate grievances are not the same as the defendants in this action. Finally, defendants argue plaintiff did not pursue his inmate grievances to the furthest level and therefore failed to exhaust for not complying with CDCR's procedural rules. None of these arguments are sufficient.

Defendants' third argument, that plaintiff failed to pursue his grievance to the final level is sufficient as to plaintiff's second grievance filed on September 11, 2006. This grievance was only pursed to the first level response where it was denied. Plaintiff has not pursued it any further. However, as to plaintiff's first grievance, filed August 17, 2006, the prison partially granted this grievance and referred it to the Office of Internal Affairs. Where a claim contained in an inmate's grievance is characterized by prison officials as a "staff complaint" and processed through a separate confidential process, prison officials lose any authority to act on the subject of the grievance. See Brown, 422 F.3d at 937. Thus, the claim is exhausted when it is characterized as a "staff complaint." See id. at 940. As plaintiff's first grievance was characterized as a "staff complaint" and plaintiff was not given the option of any

further appeals, this grievance was exhausted.

Defendants' second argument, that the individuals named in petitioner's grievance were different than the named defendants is likewise insufficient grounds for a motion to dismiss. As discussed above, the Supreme Court has held an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate. See Jones, 127 S.Ct. at 922-23. Thus, plaintiff's grievance that staff on A facility are harassing him, is sufficient for the harassment complained of by the named individuals.

Finally, defendants argue the actions complained of in plaintiff's inmate grievances do not constitute the same actions alleged in his complaint. However, as the defendants themselves indicate in their motion to dismiss, plaintiff's complaints, both in his first grievance and in his complaint, raise the issue of being sexually and verbally harassed. On a motion to dismiss, the court must construe the pleadings in pro se prisoner cases liberally and in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). In so doing, this court cannot find that the harassment complained of in plaintiff's prison grievance is not related to the harassment complained of in his complaint. If, as the defense argues, the requirement to exhaust administrative remedies is to afford the prison an opportunity to address the inmate complaint internally, then in this case the plaintiff has done so. In his prison grievance, plaintiff clearly complains about the sexual and verbal harassment he alleges he has been subjected to. Regardless of the exact details of the harassment, the prison was put on notice that such harassment could in fact be occurring. Therefore, this argument is not sufficient to support a motion to dismiss.

The defendants do raise another argument, albeit quite inarticulately. This argument is that plaintiff failed to exhaust his administrative remedies *prior to* commencement of this action as required by 45 U.S.C. §197e(a). See McKinney v. Carey, 311 F3d 1198, 1199 (9th Cir. 2002) The defendants correctly state the law, but mention this issue only in passing, and it is not articulated well. However, before this court is the issue of whether the plaintiff properly

exhausted his administrative remedies prior to filing this case. The defendants have provided the court copies of plaintiff's 602 inmate grievances. The first grievance, which would be the operative grievance as it was properly exhausted as far as plaintiff could, was in fact submitted prior to the commencement of this action. However, submission of the inmate grievance is not "exhaustion" of all available administrative remedies. Plaintiff must wait to receive the decision of the prison, see Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15 §3084.5), which did not happen in this case until December 12, 2006, after this case was filed. Therefore, plaintiff has not in fact exhausted his administrative remedies.

Based on the foregoing, the undersigned recommends that defendant's motion to dismiss (Doc. 20) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 17, 2007.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE